IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3155-F

| | |
|---|---|
| DOMINIQUE LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER |
| CORRECTIONAL OFFICER URIETA, *et al.*, | ) ) ) ) |
| Defendants. | ) |

On June 20, 2013, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff contends that he was assaulted by a prison guard and that prison officials were deliberately indifferent to the injuries he sustained during the assault. Compl. [DE-1], p. 3. He also asserts that prison officials retaliated against him after he filed a grievance relating to the alleged assault. Id. at pp. 3-4. Finally, Plaintiff argues that he was not afforded adequate due process during the disciplinary hearing the arose out of the incident leading to the alleged assault. Id. at p. 4. It does

not clearly appear from the face of the complaint that Plaintiff's claims are frivolous. Thus, the court will allow the case to proceed, and the Clerk of Court is DIRECTED to maintain management of the matter. Plaintiff has also filed several motions, each of which shall now be addressed in turn.

## I. Motion to Appoint Counsel

Plaintiff seeks the appointment of counsel [DE-9], arguing that his "imprisonment will greatly limit his ability to litigate." Mot. [DE-9], p. 1. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Therefore, Plaintiff's motion to appoint counsel [DE-9] is DENIED.

## II. Motion to Amend

Plaintiff has filed two motions to amend [DE-10, 11]. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). Defendants have not yet been served in this matter, and therefore have not filed a responsive

2

pleading. Accordingly, Plaintiff's motions to amend [DE-10, 11] are ALLOWED. However, Plaintiff's amended claims are now subject to review pursuant to § 1915.

A portion of Plaintiff's amended complaint simply elaborates upon his original claims. See, e.g., [DE-10], pp. 1-4. These allegations survive frivolity review. However, Plaintiff also attempts to allege a claim arising out of his participation in the North Carolina Department of Public Safety's ("DPS") grievance procedure. See, e.g., Id. at p. 4. This claim is meritless. In particular, Plaintiff does not have a constitutional right to participate in a grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Smith v. Ray, No. 02-6199, 2002 WL 1162396 (4th Cir. June 3, 2002); Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. June 8, 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009). Finally, a ruling adverse to a plaintiff on an administrative complaint does not give rise to a constitutional claim. Brown v. Virginia Dept. of Corrections, No. 6:07-CV-33, 2009 WL 87459, at * 13 (W.D. Va. Jan. 9, 2009) (citing George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (adding that "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Accordingly, this claim is dismissed pursuant to § 1915.

Likewise, Plaintiff also describes several incidents that occurred "[s]ince the filing of the complaint." [DE-10], p. 4. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o

3

action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Because these amended claims arose after the filing of the complaint, Plaintiff could not have exhausted his administrative remedies for these claims prior to the filing of this action. See Porter, 534 U.S. at 524; Booth, 532 U.S. at 741; see also Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam). Accordingly, these claims are dismissed without prejudice pursuant to § 1915.

### III. Motion for Criminal Contempt

Finally, Plaintiff has filed a "motion for criminal contempt" [DE-12], in which he contends DPS made inappropriate deductions from his trust fund account to pay the filing fee in this case. Specifically, he contends that the withdrawals "exceeded the 20 percent limit for the collection of filing fees." Mot. [De-12], p. 3. As relief, Plaintiff seeks, *inter alia*, an order holding DPS in criminal contempt. Id. at p. 4.

4

The Fourth Circuit addressed the collection of inmate filing fee payments, pursuant to 28 U.S.C. § 1915(b)(2), in Torres v. O'Quinn, 612 F.3d 237 (2010). There, the court held that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty (20) percent regardless of the number of cases or appeals the inmate has filed. Torres, 612 F.3d at 252. The remedy for a violation of Torres is an abatement in the collection of filing fees from an inmate's trust account. Id. at 253. A review of the court's docket in this case reveals that $14.12 has been deducted from Plaintiff's inmate trust account to pay the filing fee. See Docket Entries dated November 4, 2013, January 9, 2014 and February 7, 2014. Because the remedy for any Torres violation is abatement in the collection of filing fees and because Plaintiff has not yet satisfied his three hundred fifty dollar ($350.00) filing fee, Plaintiff's motion for criminal contempt [DE-12] is DENIED. See Nunn v. Keller, 5:10-CT-3211-FL, 2012 WL 1802076, at *1 (E.D.N.C. May 17, 2012). However, the Clerk of Court is Clerk is instructed to inform DPS to comply with Torres as to the collection of the outstanding filing fee balance. See Patel v. Bonner, 5:08-CT-3110-BO, 2011 WL 2267714, at*2 (E.D.N.C. June 8, 2011)

**CONCLUSION**

For the aforementioned reasons: (1) Plaintiff's motion to appoint counsel [DE-9] is DENIED; (2) Plaintiff's motions to amend [DE-10,11] are ALLOWED, however, any new claims presented in the amended complaint are dismissed pursuant to § 1915; and (3) Plaintiff's motion for criminal contempt [DE-12] is DENIED. The Clerk of Court is DIRECTED to maintain management of Plaintiff's remaining claims and to also inform DPS to comply with Torres as to the collection of the outstanding filing fee balance.

5

SO ORDERED. This the 24 day of June, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

6